ATWOOD–RAVEN CO. v. HANAUER et al.

(Supreme Court, Appellate Term.　December 12, 1907.)

CONTRACTS—CONSTRUCTION—CONDITIONS PRECEDENT.

　　Under a contract whereby one party agreed to make for the other paper boxes which were to have on them a certain picture or design, and providing that the design was first to be submitted to the party for whom the boxes were to be made for approval, the approval of the design was not a condition precedent to the complete acceptance of the contract, but a mere incident in the carrying out of the contract.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Atwood-Raven Company against William Hanauer and another, doing business under the name of New York Coat Front & Pad Company. Judgment for defendants, and plaintiff appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and GUY and BRUCE, JJ.

Roy M. Hardy, for appellant.
Maurice L. Rippe, for respondents.

PER CURIAM. Upon the trial of this case the court below dismissed the complaint at the close of the plaintiff's case. In considering the case all the testimony of the plaintiff must be taken as true. The plaintiff and the defendants entered into an executory contract in writing, by the terms of which the plaintiff agreed to make and deliver to the defendants at an agreed price 12,000 paper boxes of a certain size. The boxes were to have upon them a certain picture or design, and the design was to be submitted to the defendants for their approval before the plaintiff was to begin the manufacture of the boxes. The plaintiff prepared a plate, which he testified he submitted to one of the defendants, the other not being in their place of business at the time, and was told by the defendant to whom the design was submitted to leave it, as he (defendant) could not decide on it without consulting his (defendant's) partner. The value of such design was $75, for which plaintiff then took a receipt. The boxes could not be made until the defendants approved, or, as the witness said, O. K.'d, the design. Subsequently the defendants notified the plaintiff that they had got a cheaper quotation on the boxes, and notified the plaintiff that they would not take the boxes. Plaintiff showed his loss of profits and a readiness and ability to perform the contract on his part.

The learned trial justice held that the approval of the design was a condition precedent to the complete acceptance of the contract. We do not consider that the evidence shows such to be the case. The order had been given and accepted, and was complete in its terms. The preparation and approval of the design was a mere incident in the carrying out of the contract. There is no claim made that the plaintiff failed to submit a satisfactory design. Moreover, it appears that the design submitted was in the hands of the defendants, awaiting their

approval, when they declined to permit the plaintiff to go on with his contract.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.